IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC.,    )<br>                                          )<br>            Plaintiff,    )<br>                                          )<br>vs.                                         )<br>                                         )<br>SHAWN SMITH, Individually, and as    )<br>an officer, director, shareholder, and/or    )<br>principal of SHAWN SMITH, INC. d/b/a    )<br>LAST CALL; and SHAWN SMITH,    )<br>INC. d/b/a LAST CALL,    )<br>                                         )<br>           Defendants.    ) | Case Number CIV-12-882-C |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff seeks entry of default judgment following Defendants' failure to answer or otherwise plead. Review of the court file reflects that Plaintiff has properly served Defendants and that Defendants have not answered. Further, viewing the allegations in Plaintiff's Complaint as admitted, Defendants have violated 47 U.S.C. § 553 and 47 U.S.C. § 605 et seq. by intercepting and exhibiting a program licensed for distribution to Plaintiff without paying Plaintiff the required fees. According to the well-supported allegations in Plaintiff's Complaint and affidavits, Defendants exhibited the program to between 35 and 56 persons in a facility with a capacity of approximately 150. Given the nature of the safeguards set forth to prevent obtaining the signal from other than proper means, Plaintiff has established that Defendants' interception of the signal was willful. Further, given that Defendants were making sales during the improper broadcast, and the nature of Defendants' business, Plaintiff has established that Defendants' display of the program was for

commercial advantage or personal financial gain. The fees that Plaintiff would have charged if Defendants had properly obtained the rights to the broadcast would be about $1,200.00. Plaintiff requests the Court to award an amount in excess of that rate to serve as a deterrent to other establishments considering exhibiting pirated programs.

Pursuant to 47 U.S.C. § 605, any person who, without authorization, receives and publishes a communication, including a satellite broadcast, may be liable for statutory damages. Damages may be awarded in a sum of not less than $1,000.00 and not more than $10,000.00. Id. at § 605(e)(3)(C)(i)(II). In the event the Court finds the interception was willful and for direct or indirect commercial advantage or private financial gain, additional damages may be awarded in a sum not more than $100,000.00. Id. at § 605(e)(3)(C)(ii). Section 605 also provides for an award of reasonable attorneys' fees and costs. Id. at § 605(e)(3)(B)(iii).

After consideration of the facts and arguments set forth in the materials submitted by Plaintiff, the Court finds an award of damages in excess of the amount Defendants would have paid had they properly purchased the rights to broadcast the program is necessary to satisfy the intent of the above-noted statutes. In determining the amount of damages that will be just and serve the interest of law, the Court finds the programming cost to be a reasonable starting point, but that amount must be increased. After due consideration, the Court finds a multiple of five is appropriate. Accordingly, Plaintiff is entitled to recover $6,000.00 in statutory damages. Additionally, because the interception and exhibition were willful and for commercial purpose or private financial gain, the Court awards an additional $10,000.00.

Plaintiff also seeks damages for a state law based conversion claim. However, the law on which Plaintiff relies for its request is inapplicable in this jurisdiction. Therefore, that request will be denied.

Plaintiff also requests an award of attorneys' fees and costs. After consideration of the history of the case and the circumstances surrounding the Motion for Default Judgment, the Court finds an award of fees is not warranted. This matter was filed on August 16, 2012. Defendants sought and received two extensions of time to Answer or otherwise respond. The last such extension expired on December 23, 2012. No responsive pleading was filed by that date. Nevertheless, Plaintiff took no action for over two months. On March 18, 2013, the Court entered a show cause order directing Plaintiff to take action not later than March 25, 2013, or face dismissal. On March 21, 2013, Plaintiff requested a Clerk's entry of default. That request was granted on March 25, 2013. Again the case languished for two months. On May 30, the Court directed Plaintiff to move the case to conclusion or face dismissal. On June 11, 2013, Plaintiff filed the present Motion for Default Judgment. This history reflects a distinct lack of intent to prosecute this case and exhibits a failure to engage in the conduct expected of attorneys appearing before the Court. The brief submitted in support of Plaintiff's motion provides further evidence of the lack of professionalism. This case is pending in the Western District of Oklahoma, a Court within the confines of the Tenth Circuit. Yet, Plaintiff's brief repeatedly cites cases from either New York federal courts or the Second Circuit as providing the governing law for decision. Further, as noted above in resolving the conversion claim, Plaintiff directed the Court to Connecticut law as providing

the legal authority. In short, Plaintiff's counsel's failure to diligently pursue the case and then provide the Court with an accurate brief warrants a denial of the request for attorneys' fees and costs.

For the reasons set forth herein, Plaintiff's Motion for Default Judgment (Dkt. No. 20) is GRANTED. Plaintiff shall recover $6,000.00 in statutory damages, and $10,000.00 in enhanced damages, all from Defendants jointly and severally. The request for attorney's fees and costs is DENIED. A separate judgment will issue.

IT IS SO ORDERED this 28th day of June, 2013.

ROBIN J. CAUTHRON
United States District Judge